UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN AND CAROLE LAYTON ) <br> h/w ) <br>       Plaintiffs ) <br> ) <br> vs. ) <br> ) <br> ) <br> BUDZIK & DYNIA, LLC ) <br> ) <br>       Defendant ) <br> ) | Case Number <br><br> CIVIL COMPLAINT <br><br><br><br><br> JURY TRIAL DEMANDED |

## COMPLAINT AND JURY DEMAND

**COMES NOW,** Plaintiffs, Carole and John Layton, h/w, by and through their undersigned counsel, Bruce K. Warren, Esquire, of Warren Law Group, LLC, complaining of Defendant and respectfully avers as follows:

### I.   INTRODUCTORY STATEMENT

1. Plaintiffs, Carole and John Layton, h/w, (hereinafter "Plaintiffs"), are adult natural persons and they bring this action for actual and statutory damages and other relief against Defendant, for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices, violations of the Pennsylvania Fair Credit Extension Uniformity Act, 73 P.S. § 2270.4 ("PFCEUA) and the Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1-201-9.3 ("UTPCPL") which prohibits debt collectors and original creditors from engaging in abusive, deceptive and unfair practices as well as violations of the TCPA and Invasion of Privacy.

## II.  JURISDICTION

2.  Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C. §1337.

3.  Venue in this District is proper in that the Plaintiffs reside in this District.

## III.  PARTIES

4.  Plaintiffs, Carole and John Layton, h/w, are adult natural persons residing in Philadelphia, PA.  At all times material and relevant hereto, Plaintiffs are "consumers" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5.  Defendant, Budzik & Dynia, LLC, (Defendant) at all times relevant hereto, is and was a limited liability company engaged in the business of collecting debt within the State of Illinois and the Commonwealth of Pennsylvania and has a principal place of business located at 4849 North Milwaukee Avenue, Suite 801, Chicago, IL 60630.

6.  Defendant is engaged in the collection of debts from consumers using the telephone and mail.  Defendant, is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV.  FACTUAL ALLEGATIONS

7.  In early February, 2012, Plaintiffs started to receive calls from Defendant looking to collect a debt from someone named "Corrine DeMego".

8.  Defendant is calling a wrong number; Plaintiffs do not know who this person is.

9. Plaintiffs have resided at their current location with the same telephone number for approximately forty (40) years.

10. On the first call, Defendant, left an automated message prompting the recipient of the call to press one (1) if they were "Corrine DeMego" and two (2) if they were not.

11. Despite Plaintiffs not answering the call, the automated message continued on stating the full name of the Defendant and that they were calling in regards to a debt.

12. Defendant's automated message went further stating that they expected payment on account #673580 by the end of the week.

13. Defendant calling from 847-603-4523, continued to place automated calls to Plaintiffs home that same day.

14. On or about February 3, 2012 at 9:58 am, Plaintiffs received another call from Defendant looking for "Dionne DeMego".

15. Plaintiffs hit two (2) as prompted by the automated system that the calls were in error, however the calls from Defendant continued.

16. Over the next few days, Plaintiffs received multiple hang-up calls from Defendant at telephone number 847-603-4523.

17. On or about February 6, 2012, Defendant called Plaintiffs in error again at 3:23 pm and 5:25pm.

18. On or about February 7, 2012, Plaintiffs received more calls from Defendant at 10:26 am and 8:08 pm.

19. On or about February 8, 2012, at 8:07 pm, Defendant placed yet another automated call to Plaintiffs looking for "Corrine DeMego".

20. Again, despite pressing two (2) as prompted by the recording to inform the Defendant that they were calling the wrong number, the calls continued.

21. On or about February 9. 2012, Defendant called again and hung-up half way through their automated voice mail message.

22. Plaintiffs were unable to call Defendant back, because their call back number was cut off at the end of the recording.

23. The Defendant acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequences of which is to harass, oppress, or abuse such person in connection with the collection of a debt.

24. At all times pertinent hereto, the conduct of Defendant, as well as their agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

25. At all times pertinent hereto, Defendant, was acting by and through their agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant, herein.

26. As a result of the conduct of Defendant, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and they will continue to suffer same for an indefinite time in the future, all to their great detriment and loss.

27. Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant, could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

### COUNT I – FDCPA

28. The above paragraphs are hereby incorporated herein by reference.

29. At all times relevant hereto, Defendant, was attempting to collect an alleged debt which was not incurred by the Plaintiffs for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

30. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of 15 U.S.C. § 1692:

| | |
|---|---|
| §§ 1692d: | Any conduct the natural consequence of which is to harass, oppress, or abuse any person |
| §§ 1692d(5): | Caused the phone to ring or engaged any person in telephone conversations repeatedly |
| §§ 1692e: | Any other false, deceptive, or misleading representation or means in connection with the debt collection |
| §§ 1692e(10): | Any false representation or deceptive means to collect a debt or obtain information about a consumer |
| §§ 1692f: | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |

**WHEREFORE**, Plaintiffs respectfully request that this court enter judgment in her favor and against Budzik & Dynia, LLC, for the following:

a. Actual damages;

d. Statutory damages pursuant to 15 U.S.C. §1692k;

c. Reasonable attorney's fees and costs of suit pursuant to 15 U.S.C. §1692k; and

d. Such addition and further relief as may be appropriate or that the interests of justice require.

## COUNT II

## VIOLATIONS OF PENNSYLVANIA FAIR CREDIT EXTENSION UNIFORMITY ACT- (FCEUA, 73 Pa. C.S. § 2270.1 et seq.)

31. Plaintiffs repeat, re-allege and incorporates by reference the foregoing paragraphs.

32. The collection of a debt in Pennsylvania is proscribed by the Fair Credit Extension Uniformity Act at 73 Pa. C.S. § 2270.1 et seq., ("FCEUA") and the Pennsylvania Unfair Trade Practices and Consumer Protection Law 73 Pa. C.S 201-1 et seq. ("UTPCPL"). Defendant is a debt collector pursuant to 73 Pa. C.S. § 2270.3.

33. The alleged debt Defendant were attempting to collect is a debt as defined by 73 Pa. C.S. § 2270.3.

34. The FCEUA proscribes, inter alia, engaging in any false, misleading or deceptive representations when attempting to collect a consumer debt.

35. The actions of Defendant, as aforesaid, constitute false, misleading or deceptive representations.

36. Violations of the FDCPA is a per se violation of the FCEUA and the UTPCPL.

37. By virtue of the violations of the law as aforesaid, and pursuant to the FCEUA and UTPCPL, Plaintiffs are entitled to an award of actual damages, treble damages, attorney's fee and costs of suit.

**WHEREFORE**, Plaintiffs pray this Honorable Court enter judgment in their favor against Defendant, and Order the following relief:

a. Actual damages;

b. Treble damages;

c. An award of reasonable attorneys fees and expenses and costs of court; and

d. Such additional relief as is deemed just and proper, or that the interests of justice require.

## COUNT III
## VIOLATIONS OF PENNSYLVANIA CONSUMER PROTECTION LAW ("UTPCPL"), 73 Pa. C.S. § 201-1 et seq.

38. The foregoing paragraphs are incorporated herein by reference.

39. Plaintiffs and Defendant are "Persons" to 73 Pa. C.S § 201-2.

40. The UTPCPL proscribes, inter alia, engaging in any "unfair or deceptive acts or practices", either at, and prior to or subsequent to a consumer transaction.

41. The actions of the Defendant, as aforesaid, constitute unfair acts or practices under the UTPCPL, by way of the following, inter alia:

a. Defendant engaged in deceptive or fraudulent conduct which created a likelihood of confusion or of misunderstanding, 73 Pa. C.S. § 201-2(xxi);

c. Defendant failed to comply with the FDCPA and FCEUA which are per se violations of the UTPCPL.

42. As a direct and proximate result of the said actions, Plaintiffs have suffered financial damages and other harm.

43. By virtue of the violations of law aforesaid and pursuant to the UTPCPL, Plaintiffs are entitled to an award of actual damages, treble damages, attorney's fees and costs of suit.

**WHEREFORE** Plaintiffs pray this Honorable Court enter judgment in their favor and against Defendant, and Order the following relief:

a. An Order declaring that Defendant violated the UTPCPL;

b. Actual damages;

c. Treble damages;

d. An award of reasonable attorney's fees and expenses and cost of suit; and

e. Such additional relief as is deemed just and proper, or that the interest of justice may require.

## COUNT IV –TCPA

44. The above paragraphs are hereby incorporated herein by reference.

45. At all times relevant hereto, Defendant unlawfully, intentionally and fraudulently violated the TCPA, 47 U.S.C. §227 et. seq. and 47 C.F.R. 64.1200 et. seq.

46. The foregoing acts and omissions constitute violations of the TCPA, including but not limited to:

    a. The Defendant used an automatic telephone dialing system that had capacity to store or produce telephone numbers using random or sequential number generation and dialed the telephone number associated with the Plaintiffs.

    b. The Defendant initiated telephone calls to Plaintiffs telephone using artificial and prerecorded voice to deliver a message without the prior consent of the Plaintiffs.

    c. The Defendant initiated communication to the Plaintiffs using an automatic dialer that was not in compliance with the technical and procedural standards set forth by the TCPA.

**WHEREFORE**, Plaintiffs respectfully request that this court enter judgment in his favor and against Defendant, and Order the following relief:

    a. Actual damages;

    b. Statutory damages;

    c. Reasonable attorney's fees and costs of suit pursuant to 15 U.S.C. §1692k; and

    d. Treble damages.

## COUNT V
### INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

47. The above paragraphs are hereby incorporated herein by reference.

48. The *Restatement of Torts, Second*, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

49. Pennsylvania recognizes Plaintiffs right to be free from invasions of privacy, thus Defendant violated PA state law.

50. Defendant intentionally intruded upon Plaintiffs right to privacy to be continually harassing Plaintiffs with frequent telephone calls, abusing Plaintiffs.

51. The telephone calls made by Defendant to Plaintiffs were so persistent and repeated with such frequency as to be considered, "hounding the plaintiff," and "a substantial burden to his existence," thus satisfying the *Restatement of Torts, Second*, § 652(b) requirement for an invasion of privacy.

52. The conduct of Defendant in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

53. As a result of the intrusions and invasions, Plaintiffs are entitled to actual damages in an amount to be determined at trial from Defendant.

54. Defendant's acts were reckless, willful, and intentional and/or were done with knowledge of their harmful effects towards Plaintiffs and as such Defendant is subject to punitive damages.

WHEREFORE, Plaintiffs respectfully prays that judgment be entered against the Defendant for the following:

    a.    Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) and O.R.C. § 1345.09(A);

    b.    Statutory damages pursuant to 15 U.S.C. § 1692k;

    c.    Reasonable attorney's fees and litigation expenses, plus costs of suit;

    d.    Three times the amount of Plaintiff's actual damages or two hundred dollars, whichever is greater, pursuant to O.R.C. § 1345.09(B);

    e.    Actual damages from Defendant for all the damage including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for Plaintiffs;

    f.    Punitive damages; and

    g.    Such additional and further relief as may be appropriate or that the interests of justice require.

V.    **JURY DEMAND**

Plaintiffs hereby demand a jury trial as to all issues herein.

**Respectfully submitted,**

**WARREN LAW GROUP, LLC**

Date: February 13, 2012

BY: */s/Bruce K. Warren bkw4066*
Bruce K. Warren, Esquire

Warren Law Group, LLC
57 Cooper Street
Woodbury, NJ 08096
856-858-2488
856-858-1148 Fax
Attorney for Plaintiff